UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-497-H

**CHAIRAYLE A. SCOTT**                                                                          **PLAINTIFF**

**v.**

**LOUISVILLE METRO GOVT.** *et al.*                                          **DEFENDANTS**

### MEMORANDUM OPINION

Without counsel, Plaintiff Chairayle A. Scott filed a civil complaint against various governmental entities and officers. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff brings her action against the following Defendants: Louisville Metro Government, Louisville Metro Officer Shannon Harris, EMT Rivera Polk, EMT Michael Miller, EMT Jason Caralylse, Police Professional Standards Personnel, Police Public Integrity Personnel, Human Advocacy Board Members, Police Chief White, "Personnel of EPO's and Warrants," Louisville FBI, and the Attorney General's Office.

Plaintiff claims that Defendant Officer Harris mishandled the situation following a February 8, 2005, motor vehicle accident involving Plaintiff and K. Bolton. Plaintiff claims that Officer Harris filed a report "full of falsities" to protect K. Bolton.

Plaintiff alleges that the three Defendant EMT's who arrived at the February 8, 2005, scene "left Plaintiff at Caritas Diabetic Facility" instead of transporting her to the hospital only blocks away. She was later transported to University Hospital Emergency Room by her parents.

Plaintiff reports that she called the Defendant Louisville FBI during the evening hours of February 8, 2005, requesting help "in a dire straights situation." According to Plaintiff, however, the Louisville FBI advised her to try to get help from Louisville Metro and has "not wanted to react or contribute to resolution at this point despite repeated pleas for help."

Plaintiff advises that she then went to the Defendant Attorney General's Office to file complaints but that the Attorney General's Office "refuses to acknowledge any individuals complaints" in violation of KRS statutes.

Plaintiff reports filing a complaint against Officer Harris with the Defendant Human Advocacy Board. Plaintiff advises that the Board is supposed to be the disciplinary board for police but that "[t]his is wrong, according to the KRS statutes" because "all police discipline actions are to be handled thru the Governor's Office in Frankfort in a courtroom setting with attorneys, judge, as complaints against/about police officers is extremely serious." She claims that the members of the Human Advocacy Board are volunteers and that the attorneys that volunteer "don't even know the law haven't even read the KRS Statutes concerning these issues concerning police."

Plaintiff contends that Defendants Professional Standards and Public Integrity Personnel "never investigated anything even though Plaintiff provided complaint, filed signed and recorded affidavits and went to each office recommended by different city workers as to what steps to take next." Plaintiff claims she was "being given the runaround."

Plaintiff reports filing a judicial complaint against Defendants in "EPO's and Warrants whose excuse for not executing either of these for Plaintiff is that these people don't live with Plaintiff or are not directly related to Plaintiff."

According to Plaintiff, Defendant Police Chief White has signed paperwork without realizing what he signed; has been misinformed by others for concealment purposes; and has refused to meet with her.

Plaintiff alleges that she has a constitutional right to due process and alleges violations of various Kentucky laws. As relief, Plaintiff makes numerous requests. She seeks restitution; recovery of her dignity; issuance of a lie detector test to garner apologies and the truth; forcing of Defendants to "take responsibility [or] . . . find another career"; termination of Defendant Harris; and reprimand of "all found guilty of negligence, betrayal, conspiracy, concealment."

## II. **STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. **ANALYSIS**

Plaintiff fails to state the jurisdictional basis for bringing this action. Because she and the other Defendants are located in Kentucky, jurisdiction cannot be founded upon diversity of citizenship under 28 U.S.C. § 1332. The Court, however, construes her due process claims against the state and local entities and officers as being brought pursuant to 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) (concluding that § 1983 provides the exclusive remedy for constitutional

claims brought against state and local officials and local units of government). Jurisdiction is, therefore, proper under 28 U.S.C. § 1331, the federal-question statute.

An action pursuant to 42 U.S.C. § 1983 is subject to the forum state's statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 251 (1989). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The Kentucky statute requires a plaintiff to commence an action within one year after the cause of action accrues. Ky. Rev. Stat. Ann. § 413.140(1)(a). While state law provides the applicable statute-of-limitations period, federal law determines when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard*, 896 F.2d at 183 (citing *Sevier*, 742 F.2d at 273).

Here, most, if not all, of the actions about which Plaintiff complains, occurred on or shortly after February 8, 2005, the date on which her motor vehicle accident occurred. By not filing the instant action until two and a half years later on September 19, 2007, the § 1983 claims against the state and local Defendants are untimely and must be dismissed.[1]

---

[1] A statute-of-limitations issue is an affirmative defense normally not subject to *sua sponte* dismissal. *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988). However, dismissal is allowed if the defense is obvious from the face of the complaint, as in the present case. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007) ( "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." ); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate.").

Additionally, Plaintiff has failed to state a cognizable due process claim against the state and local Defendants. On a couple of occasions in the complaint, Plaintiff broadly alleges that her due process rights have been violated, but she fails to explain how her dissatisfaction with the way in which her complaints to Defendants have been processed, investigated, or concluded, constitutes any protected liberty or property interest entitled to due process protections. *Prater v. City of Burnside, Ky.*, 289 F.3d 417 (6th Cir. 2002). Accordingly, the § 1983 due process claim against the various state and local Defendants must be dismissed.

Although the Court construes Plaintiff's due process claims against the state and local Defendants as being brought pursuant to 42 U.S.C. § 1983, the Court cannot perform such construction with respect to Defendant Louisville FBI. Section 1983 applies only to *state* action, and the FBI is a *federal* agency. A *Bivens* action, however, is the federal counterpart to § 1983. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action against the Louisville FBI fails because a *Bivens* action cannot be maintained against a federal agency, like the FBI. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because Plaintiff has failed to state a federal claim against the Louisville FBI, that Defendant must be dismissed.

In addition to the federal due process claim, Plaintiff alleges various state-law violations. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the federal claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28

6

U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Those claims will be dismissed without prejudice.

As all claims must be dismissed, the entire action must be dismissed. The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Jefferson County Attorney
        Attorney General, Commonwealth of Kentucky
4412.005